IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KELLY M. DUGAS, AS SURVIVING SPOUSE OF ALTON DUGAS, DECEASED | § § § | |
| *Plaintiff*, | § § | Civil Action No. 1:05CV421 |
| v. | § § | |
| | § | JUDGE RON CLARK |
| WASHINGTON MUTUAL, NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, and DEUTH S. KELM, | § § § § | |
| *Defendants*. | | |

## **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the court is Plaintiff Kelly M. Dugas' Motion to Remand [Doc. #10]. Responses, replies and sur-replies have been filed.[1] Plaintiff sued Defendants in the 136th Judicial District Court of Jefferson County, Texas. The court finds the non-diverse Defendant to be improperly joined. The remaining parties are diverse, the amount in controversy exceeds $75,000, and all properly served Defendants consented to removal. Thus, this court maintains diversity jurisdiction over this matter and Plaintiff's Motion to Remand is DENIED.

### **I. Background**

On May 12, 2005, Plaintiff, a Texas resident, filed suit against the named Defendants in

---

[1] The Court notes that Plaintiff's reply brief [Doc. # 15] violated Local Rule CV-7(a)(2) due to length of the motion. However, as no prejudice resulted, the court will allow the reply to stand at this time.

1

the State Court of Jefferson County, Texas. It is undisputed that Defendants North American Company for Life and Health Insurance ("North American") and Washington Mutual received a copy of the summons and complaint on May 23, 2005 and jointly removed to this court on June 22, 2004. *See* Def.'s Notice of Removal Doc. #1, ¶ 25.

The suit arises from a life insurance policy underwritten by North American and issued to Alton Dugas, the Plaintiff's deceased husband. Plaintiff applied for the policy through his mortgage bank, Washington Mutual. In her complaint, Plaintiff alleges that after Alton Dugas' death, Defendant North American failed to pay timely the policy amount. While it is conceded that Defendant North American eventually paid the face value of the policy along with the 18% interest rate under the Texas Insurance Code, Plaintiff now seeks relief under various provisions of the Texas Insurance Code, and the Deceptive Trade Practices Act, and asserts common law causes of action (including a negligence claim against Defendant Kelm, the person whom filled out Mr. Dugas' application form).

## II. Analysis

**A. Standard of Review for Removal**

This is a court of limited jurisdiction and may hear a case only when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Owen Equip. Co. v. Kroger*, 437 U.S. 365, 371 (1978). There is no federal question jurisdiction in this case, so removal is proper if there is complete diversity and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). Complete diversity exists if at the time of filing the notice of removal "none of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." 28 U.S.C. § 1441(b). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.*

### B. Consent to Removal

The procedures governing removal are outlined in 28 U.S.C. § 1446. All properly served defendants must join in the notice of removal within thirty days from the time the first defendant is served. *See Getty Oil v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). This rule of unanimity ensures that a particular defendant is not entitled to remove a case to a court where neither the plaintiff, nor the other defendants, choose not to be. *See Doe v. Kerwood*, 969 F.2d 165, 168 (5th Cir. 1992). Defendant Kelm has not been served. The other Defendants consented to removal, so the thirty day consent requirement has been satisfied.

### C. Citizenship of the Parties[2]

Corporations are citizens of all states in which they are incorporated, and of the one state where their principal place of business exists. 28 U.S.C. § 1332(c)(1); *Getty Oil Corp*, 841 F.2d at 1258. In this case, Plaintiff does not dispute that Defendant Washington Mutual is incorporated only in California and its principal place of business is in California. Additionally, Plaintiff does not dispute that Defendant North American is incorporated only in Illinois and its

---

[2] It is undisputed that the amount in controversy exceeds $75,000. Plaintiff seeks, at a minimum, attorney's fees of more than $75,000, plus punitive damages.

principal place of business is in Illinois. Rather, Plaintiff alleges that both of these corporations are licensed to practice business in Texas. While this may be true, it does not change the citizenship of the Defendants.

For individuals, citizenship is determined by the place of their domicile. A place of domicile is where a person has a fixed home and an intent to remain there. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996). Here, Plaintiff is a Texas resident, as is Defendant Kelm, and nobody disputes that they are domiciled in Texas. "[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant." *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). While Plaintiff's failure to serve Defendant Kelm alleviated the procedural requirement of consent to removal, her citizenship must be considered in determining whether diversity jurisdiction exists.

This case, then, involves one non-diverse Defendant, so complete diversity does not exist, absent some reason to disregard the non-diverse Defendant.

**D. Improper Joinder of Non-Diverse Defendant**

Defendants argue that the reason to disregard the non-diverse Defendant is improper joinder. The party alleging improper joinder bears the burden of persuasion, and that burden is quite stringent. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). To prove improper joinder, defendants must show: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). All issues of material fact and

ambiguities of law are resolved in favor of the non-removing party. *Griggs v. State Farm Lloyds*, 181 F.3d, 694, 699 (5th Cir. 1999).

There is no dispute over the residence of the one non-diverse Defendant, and no allegation of outright fraud in the pleadings against them. Therefore, the Court considers whether Plaintiff arguably has a reasonable basis for recovery against the non-diverse Defendants. *See Travis*, 326 F.3d at 647-49. The Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Central Railroad Company; Mississippi Dept. of Trans.,* 385 F.3d 568, 573 (5th Cir 2004)(en banc).

Generally, the existence of diversity jurisdiction is determined from the record at the time the notice of removal is filed. There must arguably be a reasonable basis for predicting that Plaintiff might be able to establish Defendant Kelm's "liability **on the pleaded claims** in state court." *Griggs*, 181 F.3d at 699 (emphasis added). Improper joinder exists where a plaintiff has failed to plead under state law any specific actionable conduct against the non-diverse defendant. *Id.* A court has the discretion to utilize a "summary judgment type procedure" to determine improper joinder. *Id.* at 700. That is not necessary in this case. Here, the central question is whether Plaintiff has pled a cause of action against Defendant Kelm under a negligence theory that has a reasonable probability of being sustained in state court.

5

<u>1. The failure to serve Defendant Kelm does not conclusively show improper joinder.</u>

Defendants argue that lack of service on Defendant Kelm is conclusive evidence that Plaintiff did not intend to actively pursue any claims against Kelm, and as such, Defendant Kelm was improperly joined. Defendants draw the court's attention to the passages from *Grigg's* where it states that Plaintiff knew Defendant's location and failed to serve him. 181 F.3d at 699. Plaintiff responds that the reason for the failure to serve Kelm was the inability to locate the Defendant, even after due diligence.

In cases of removal, this Court is to resolve all material fact issues in the favor of the non-removing party. *Griggs*, 181 F.3d at 699. There is evidence that the actual name of Defendant Kelm was obscured on the insurance sheet, and Plaintiff did not originally have the correct name. This, then, is a different case from where a Plaintiff knew of a Defendant's location, and failed to serve that person. The failure to serve does not demonstrate improper joinder of Defendant Kelm in this case.

<u>2. Plaintiff's common law claim against Defendant Kelm was the only claim at the time of removal and is the only claim the court need consider for improper joinder purposes.</u>

Defendants and Plaintiff make several arguments in their responses and replies regarding whether or not a claim against Defendant Kelm as an agent of North American exists under Texas Insurance Code § 21.02 (2002). However, because Plaintiff's only allegation in the original complaint is a common law negligence claim, this court need not consider Defendant

Kelm's potential liability under this Texas code section. *See Griggs*, 181 F.3d at 699. Rather, the court must look to Texas' interpretation of the common law principles of negligence and an agent's tort liability.

### 3. Plaintiff's negligence claim against Defendant Kelm does not create the reasonable possibility of a viable cause of action.

Under Texas law, "if an agent commits a tort or wrong while engaged in the business of his principal he will be held personally liable for his tort, though his principal may also be liable." *Dr. Salsbury's Laboratories v. Bell*, 386 S.W.2d 341, 343 (Tex. Civ. App. – Dallas, 1965). Plaintiff's claim against Defendant Kelm is not barred as a matter of Texas law simply because the Defendant was an agent of North American. However, this does not relieve Plaintiff from the burden of establishing the basic elements of a negligence cause of action.

A common law claim of negligence requires "a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). To show proximate cause, Plaintiff must show both cause in fact and foreseeability. *Id.* The test for foreseeability is whether "the actor, as a person of ordinary intelligence, should have anticipated the danger of his act to others." *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex. 1988). While proximate cause is normally a fact issue for the jury, it is a question of law when the court concludes that reasonable minds could not arrive at different conclusions. *See Missouri Pac. R.R. Co. v. American Statesman*, 552 S.W.2d 99, 104-05 (Tex. 1977).

In Plaintiff's original petition, Plaintiff alleges Defendant Kelm breached the duty of a

reasonably prudent person by negligently failing to include in the application the fact that the decedent suffered from sleep apnea.  *See* Defs.' Notice of Removal Ex. B, ¶ 9.  To support this claim, Plaintiff asserts that Defendant Kelm told the Plaintiff she did not see why putting sleep apnea on the application would be necessary.  Plaintiff then states that North American delayed paying the claim based on this omission.  *Id.*  However, Plaintiff also alleges Mr. Dugas' death was entirely unrelated to his sleep apnea.  *Id.* ("at the time of Alton Dugas' death he was wide awake and suffering from what he thought at the time was indigestion").

If Mr. Dugas' death was unrelated to his sleep apnea and immaterial to his death of coronary heart failure, as Plaintiff alleges, then under Texas law the insurance company could not, without violating statutory provisions, delay payment because of the omission of information about sleep apnea.  Texas Insurance Code § 21.18 (2002) provides "[n]o recovery upon any life, accident or health insurance policy shall ever be defeated because of any misrepresentation in the application which is of an immaterial fact . . ."

Accepting Plaintiff's allegations of the immateriality of sleep apnea as true, if Defendant Kelm failed to put the immaterial issue on the application, the insurance company still could not lawfully without an excuse delay payment.  There is no hint that Defendant Kelm had any part in the decision to delay, and if the insurance company decided to delay improperly the payment, this decision would be an act that independently caused harm to Plaintiff.  It would be the insurance company's own actions, and not any omission by Defendant Kelm, that resulted in the harm to Plaintiff.  Kelm's alleged act or omission could not, as a matter of law, be a cause in fact.

Alternatively, if the knowledge of the fact that Alton Dugas had sleep apnea would have resulted in the rejection of his application, then Defendant Kelm's failure to put it on the form

8

would be the only reason the Plaintiff *had* coverage at all. Defendant Kelm's alleged negligence could not be the cause in fact of Plaintiff's injury. If Defendant Kelm had not been "negligent" as claimed by Plaintiff, then the policy in question would not have issued, and there would be no basis for damages for delay of payment.[3] Defendant Kelm's alleged negligence in this case could only have helped the Plaintiff, not harmed her.

Because Plaintiff cannot, as a matter of law, show that the actions of Defendant Kelm, described in her original petition, were the proximate cause of any injury, there is no reasonable basis for predicting that Plaintiff may be able to establish Defendant Kelm's liability on the pleaded claims. Accordingly, the court finds Defendant Kelm was improperly joined, and her citizenship may be disregarded in determining whether diversity jurisdiction exists.

---

[3] The court did not utilize the summary judgment type procedure for determining this case. However, at the pre-trial conference, counsel for Defendant agreed that knowledge by the company of sleep apnea would likely have resulted in the denial of the policy. Plaintiff's counsel did argue that another policy might have then been obtained, but that still does not make Defendant Kelm a proximate cause of any improper delay on the payment of this policy. No claim was made in the original petition that a better or cheaper policy could have been obtained if Kelm had noted "sleep apnea" on the application.

## IV. Conclusion

In this case, Plaintiff's original petition fails to plead a cause of action on which she might recover against the non-diverse Defendant in state court. Because Defendant Kelm was improperly joined, her citizenship may be disregarded in determining whether diversity jurisdiction exists. There is complete diversity among the remaining parties, and all other requirements for removal are met.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand **[Doc. #10]** is **DENIED**.

IT IS FURTHER ORDERED that Defendant Deuth S. Kelm be **DISMISSED** from this law suit as no viable claims remain against her. *See Griggs*, 181 F.3d at 698. (affirming district court's order dismissing non-diverse defendants as fraudulently joined.). The court determines there is no just reason for delay in the disposition of claims against Defendant Kelm, and directs entry of final judgment as to such claims.

So **ORDERED** and **SIGNED** this **12** day of **September, 2005.**

_____
Ron Clark, United States District Judge